| 1 | United States District Court |
| 2 | Middle District of North Carolina |
| 3 | 251 N Main St, Winston-Salem, NC 27101 |
| 4 | |
| 5 | _____ Daniel Silva_____ |
| 6 | Plaintiff |
| 7 | |
| 8 | Walt Disney world |
| 9 | __ _____ |
| 10 | Defendants |

FILED

NOV 2 4 2021

IN THIS OFFICE
Clerk U.S. District Court
Greensboro N.C.
By_____

Trial by Jury demanded.

Case Number: 1:21CV912

Verified Personal injury Premises Liability Complaint

Case 1:21-cv-00912-UA-LPA   Document 2   Filed 11/24/21   Page 1 of 23

1

2    I Daniel James silva a resident of North Carolina address (501 Lester lane

3    Winston Salem north Carolina 27103). Bring a Verified Personal injury Premises

4    Liability Complaint against the following defendant Walt Disney world  here is the

5    address where I was injured at.

6

7                          Liberty Square Riverboat ride

8                     1180 Seven Seas Dr, Orlando, FL 32830

9

10

11                          Factual background

12    On or around the date of march 12th 2019 I  Daniel James silva  was on the  Liberty

13    Square Riverboat ride with my twin brother Kevan Joseph silva I was standing

14    under one of the steam stacks on the ride when all of a sudden I was burned by 3 or

15    4 very hot water droplets that emerged from the steam stack, the steam droplets

16    burned my right forearm I also witnessed the tourists next to me get burned as well

17    two ladies.

18

2

1

2

3

## Statement of claim

I was on the premises of Walt Disney world when by gross negligence was burned by a steam stack from the Liberty Square Riverboat ride , so I suffered burns and also suffered from an aggravation in my PTSD because the rest of my day was ruined from the burn the last time I remember being that was with my dearly departed mother, so the burns ruined the renewed experience of going to the magic kingdom, the stream stacks also pose great danger for past and future guests on the ride.

## **Standing**

I have legal standing to being this suit due to me (Daniel James silva) being burned on a ride at Walt Disney park.

3

1

## Proper venue

3

4   The venue is proper (MDONC) because my address is 501 Lester lane Winston

5   Salem north Carolina 27103), less the 5 miles from  **Hiram H. Ward Federal**

6   **Building**. And also I'm seeking more the 75,000 in damages also im a resident of a

7   different state then Florida ( citizenship of diversity ).

8

9

10

## Statute of limitations

12   March 2019 is within the 4 years allowed under Florida law to bring this suit, (this

13   law can be found at Florida Statutes Annotated section 95.11(3).

14

15

16

17

4

1

2          **Florida Case law to bring this suit.**

3

4    **Premises Liability Depends on the Status of Person on the Property**

5    "In ordinary negligence cases, the defendant owes the plaintiff a duty of reasonable

6    care, regardless of the relationship between the defendant and plaintiff." Nicholson

7    v. Stonybrook Apartments, LLC, 154 So. 3d 490, 492 (Fla. 4th DCA 2015).

8    "However, in premises liability cases, the defendant's duty to the plaintiff is

9    dependent on the plaintiff's status to the land." Id.

10

11    For purposes of premises liability, persons who enter the premises of another are

12    categorized as either invitees, licensees, or trespassers. Lukancich v. City of

13    Tampa, 583 So. 2d 1070, 1072 (Fla. 2d DCA 1991). The status of the person on the

14    premises of another is generally a question of fact. Id.

15

16

17

18

5

## Invitee

Visitors afforded the greatest degree of protection under Florida premises liability law are "invitees." There are two types of "invitees."

A "public invitee" is a person who is invited to enter or remain on premises as a member of the public for the purpose for which the premises are held open to the public. Post v. Lunney, 261 So. 2d 146, 148 (Fla. 1972).

Under Florida's premises liability law, a property owner owes two duties to an invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. See, Knight v. Waltman, 774 So.2d (Fla. 2007).

## Duty Owed to Invitees

"A property owner or occupier has two duties toward invitees: (1) to keep his property in reasonably safe condition and to protect the invitee from dangers of which he is or should be aware; and (2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." Levy v. Home Depot, Inc., 518 So. 2d 941, 942 (Fla. 3d DCA 1987).

## Gross negligence

I'm asserting the claim of gross negligence directed at Disney from building a ride a stream boat which allows guest to stand near or around (REAL) steam stacks the expel very hot pressured steam droplets **(this negligence should fall under (should have known Gross negligence Florida case law).**Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses. Kaisner, 543 So.2d at 735

7

1 (citing Stevens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983)) (emphasis added); see

2 Webb v. Glades Elec. Coop., Inc., 521 So.2d 258 (Fla. 2d DCA 1988).

3

4 Thus, as the risk grows greater, so does the duty, because the risk to be perceived

5 defines the duty that must be undertaken. J.G. Christopher Co. v. Russell, 63 Fla.

6 191, 58 So. 45 (1912).

7 **Negligence** is the failure to use reasonable care, which is the care that a reasonably

8 careful person would use under like circumstances. Negligence is doing something

9 that a reasonably careful person would not do under like circumstances **or failing**

10 **to do something that a reasonably careful person would do under like**

11 **circumstances.**

12

13 **Under Florida's premises liability law, a property owner owes two duties to an**

14 **invitee: (1) to use reasonable care in maintaining the premises in a reasonably**

15 **safe condition, and (2) to give the invitee warning of concealed perils which**

16 **are or should be known to the landowner, and which are unknown to the**

17 **invitee and cannot be discovered by him through the exercise of due care. See,**

18 **Knight v. Waltman, 774 So.2d (Fla. 2007).**

8

## Res Ipsa Loquitur

**Res Ipsa Loquitur** is a recognized legal doctrine in Florida, as well as the rest of the United States, <u>which implies negligence simply based on the fact that the accident occurred</u>, and the victim was injured. Here, the jury must find four conditions:

ordinarily, **<u>the accident and injury would not have happened without negligence,the item causing the injury was in the exclusive control of the defendant at the time it caused the injury,</u>**

**<u>It was in the exclusive control of the defendant at the time of the negligent act or omission, if any, must have occurred and</u>**

after leaving the defendant's control, it was not improperly used or handled by others or subjected to harmful forces or conditions.

If these 4 factors are shown, then under the doctrine of "res ipsa loquitur," the jury will be instructed by the judge to infer that the defendant was negligent unless, taking into consideration all of the evidence in the case, there are other reasons for the jury to find that the accident was not due to any negligence on the part of the defendant.

9

1  **Additional case law,**

2  Constructive knowledge may be proven by circumstantial evidence showing that:

3  (a)   The dangerous condition existed for such a length of time that, in the exercise

4  of ordinary care, the business establishment should have known of the condition;

5  or

6  (b)   The condition occurred with regularity and was therefore foreseeable.

7  (2)   This section does not affect any common-law duty of care owed by a person

8  or entity in possession or control of business premises.

9

10  Under Florida law, **a public invitee can assert a personal injury claim against a**

11  **business owner based upon the failure to maintain the commercial premises in**

12  **a safe and reasonable manner.**  However, **a victim will need to provide proof of**

13  **a dangerous condition and proof that the owner and operator knew or should**

14  **have known about the condition which caused the victim's injuries.**  In some

15  instances, liability exists even if the dangerous condition is a one-time occurrence.

16  See, Springtree Properties, Inc. v. Hammond, 692 So. 2d 164 (Fla. 1997).

17

18

Case 1:21-cv-00912-UA-LPA   Document 2   Filed 11/24/21   Page 10 of 23

1    Specific relief requested,

2    Monetary relief requested

3    100 dollars for the money spent as an admission fee and food and drinks I ate and

4    drank at the park,

5    5,000 usd for the physical burned suffered

6    70,000 for pain and suffering for the burn aggravating my PTSD

7    If you need proof of my PTSD please call my attorney I had in the past

8    Miller Skinner & Jolly P.A.

9    John R Jolly, (904) 384-8109

10    Total general relief requested total sum 75,100 USD

11

12    **Preliminary Injunction,**

13    **Preserve all documents relating to any alterations made to the steam stacks on**

14    **the Disney ride Liberty Square Riverboat ride at the magic kingdom at**

15    **1180 Seven Seas Dr, Orlando, FL 32830**

1  **Also give an immediate order closing the ride to the public until the steam**

2  **stacks can be altered to prevent very hot water droplets under pressure the**

3  **expels from the steam stacks with the likelihood of causing**

4  Rule 65. Injunctions and Restraining Orders

5  (a) Preliminary Injunction. (b) Temporary Restraining Order.

6  (1) Issuing Without Notice. The court may issue a temporary restraining order

7  without written or oral notice to the adverse party or its attorney only if:

8  (A) specific facts in an affidavit or **a verified complaint clearly show** that

9  immediate and irreparable injury, loss, or damage will result to the movant before

10  the adverse party can be heard in opposition.

11  **The steam stacks have more than likely burned 1000s of guest in the past and**

12  **have an immediate and irreparable harm for members of the public in the**

13  **future. A affidavit will be attached to this complaint as well as this complaint**

14  **being verified.**

15  **1st (Liberty Square Riverboat | Magic Kingdom | Full Ride in 4K | Walt**

16  **Disney World)https://www.youtube.com/watch?v=EYbV_E-lcF4&t=63s**

1   you can clearly see the steam stacks and also spaces and areas beneath the

2   steam pipes that can clearly expel very hot water droplets. Go to 1:05 though

3   1:12 seconds in and you can clearly see people under the very hot steam pipe,

4

5    2nd Magic Kingdom Liberty Square Riverboat Ride - Filmed in 4K | Walt

6   Disney World Orlando Florida 2021 unloaded 8,854 views Mar 19, 2021

7   another youtube video https://www.youtube.com/watch?v=9ORZhlHPp8w

8    go to mintute 8:20 thur 8:50 I believe that to be the steam stack that burned

9   me in this video you can see a little toddler in an orange shirt next to the stack,

10   an injunction must be made to shutdown ride immediately for public safety

11   until it can be fixed.

12

13   Due to the gross negligence of Disney with this ride I ask for punitive damages

14   as well

15   Due to the gross negligence of Disney with this ride I ask for punitive damages

16   in the sum of 2,000,000 million dollars.

17

18   # For a total sum of 2,075,100 dollars

13

1

2  **Punitive damages** are provided for in Florida Statute § 768.72, which states "[a]

3  defendant may be held liable for punitive damages only if the trier of fact, **based**

4  **on clear and convincing evidence, finds that the defendant was personally**

5  **guilty of intentional** misconduct **or gross negligence." Fla. Stat. § 768.72(2).**

6

7  **Fla. Stat. § 768.72(2)(a). Gross negligence "means that the defendant's**

8  **conduct was so reckless or wanting in care that it constituted a conscious**

9  **disregard or indifference to the life, safety, or rights of persons exposed to**

10  **such conduct." Id. at (2)(b).**

11

12

13

14  However, plaintiffs need not prove a claim for punitive damages at the pleading

15  stage. Will v. Sys. Eng'g Consultants, 554 So. 2d 591, 592 (Fla. 3d DCA 1989).

16  Rather, plaintiffs need only establish factual allegations that form a reasonable

17  basis for the claim. Id. See also, Meadowbrook Health Care Servs. v. Acosta, 617

18  So. 2d 1104, 1104 (Fla. 3d DCA 1993). The Court simply must find that the facts

14

1  and evidence proffered are sufficient to establish a basis for punitive damages. See

2  Globe Newspaper Co., 568 So. 2d at 519.

3

4  The threshold is so low at the amendment stage that "merely a representation" of

5  what the evidence will show, rather than actual or admissible evidence, may be

6  enough. Estate of Despain v. Avante Grp. Inc., 900 So. 2d 637, 644 (Fla. 1st DCA

7  2005). See also, Holmes v. Bridgestone/Firestone, Inc., 891 So. 2d 1188, 1190–91

8  (Fla. 4th DCA 2005) (reflecting that mere hearsay can satisfy the amendment

9  standard in Fla. Stat. § 768.72(1)).

10

11  An evidentiary hearing is not required to make this determination. See Despain,

12  900 So. 2d at 642; Solis v. Calvo, 689 So. 2d 366, 369 n.2 (Fla. 3d DCA 1997);

13  Strasser v. Yalamanchi, 677 So. 2d 22, 23 (Fla. 4th DCA 1996). The Court may

14  not properly prejudge the proffered evidence supporting the claim for punitive

15  damages in deciding whether the plaintiff has met its burden. Dolphin Cove Ass'n

16  v. Square D. Co., 616 So. 2d 553, 553 (Fla. 2d DCA 1993).

17

18  At this stage, "[t]he Florida courts do not require a fact intensive investigation into

19  the merits. Instead, the Florida courts entertain the punitive damage issue by way

1  of a motion to dismiss or a motion to strike, not a summary judgment motion."

2  Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001)

3  (discussing Florida law and Fla. Stat. § 768.72). See also, Will, 554 So. 2d at 592;

4  Solis, 689 So. 2d at 369

5

6  Because punitive damages are intended to punish the wrongdoer, a wealthy

7  wrongdoer should face a higher punitive damages award than a less wealthy party.

8  Neal v Farmers Ins. Exch. (1978)21 C3d 910, 928, 148 CR 389 ("the function of

9  deterrence . . . will not be served if the wealth of the defendant allows him or her to

10 absorb the award with little or no discomfort"). Little v Stuyvesant Life Ins. Co.

11 (1977)67 CA3d 451, 469, 136 CR 653; see also Michelson v Hamada (1994)29

12 CA4th 1566, 1595, 36 CR2d 343. [a]lthough appellate courts have sometimes used

13 the terms "wealth," "financial condition" and "net worth" interchangeably

14 [citations], clearly these terms are not synonymous. And, while "net worth" is

15 probably the financial measurement most often used in setting the amount of

16 punitive damages, no court has held that it is the only permissible measurement.

17

18 See also Cheung v Daley (1995)35 CA4th 1673, 1677, 42 CR2d 164; Kizer v

19 County of San Mateo (1991) 53 C3d 139, 147, 279 CR 318. In Clark v McClurg

1  (1932) 215 C 279, 9 P2d 505, however, an award of $5000 in punitive damages

2  was upheld when the jury left blank the space for actual damages.

3

4  Michelson v Hamada (1994)29 CA4th 1566, 1593, 36 CR2d 343; Las Palmas

5  Assocs. v Las Palmas Center Assocs. (1991)235 CA3d 1220, 1243, 1 CR2d 301

6  ("punitive damages are not awarded for the purpose of rewarding the plaintiff, but

7  to punish the defendant"); Kaye v Mount La Jolla Homeowners Ass'n (1988)204

8  CA3d 1476, 1493, 252 CR 67; Dyna-Med, Inc. v FEHC (1987) 43 C3d 1379,

9  1387, 341 CR 67 (punitive damages "serve but one purpose–to punish and through

10  punishment, to deter"); Castaic Clay Mfg. Co. v Dedes (1987)195 CA3d 444, 450,

11  240 CR 652; Neal v Farmers Ins. Exch. (1978)21 C3d 910, 928 n13, 148 CR 389.

12  Accordingly, punitive damages should not be greater than the amount necessary to

13  accomplish these goals. Weeks v Baker & McKenzie (1998)63 CA4th 1128, 1166,

14  74 CR2d 510; Michelson v Hamada (1994)29 CA4th 1566, 1593, 36 CR2d 343;

15  Neal v Farmers Ins. Exch. (1978)21 C3d 910, 928 n13, 148 CR 389 ("the function

16  of punitive damages is not served by an award which, in light of the defendant's

17  wealth and the gravity of the particular act, exceeds the level necessary to properly

18  punish and deter").

Case 1:21-cv-00912-UA-LPA   Document 2   Filed 11/24/21   Page 17 of 23

1    The deterrence justification for punitive damages is motivated by two objectives:

2    (1) to deter the specific defendant in the case from repeating or continuing his, her,

3    or its offensive behavior and (2) to deter, generally, other potential parties from

4    committing similar offenses. See Restatement (Second) of Torts §908. This

5    rationale of deterrence is especially strong in cases in which other measures of civil

6    damages, and the unlikely prospect of criminal prosecution, are together

7    insufficient to prevent an individual or entity from engaging in a wrongful act.

8    Indeed, absent the fear of punitive damages, a defendant may have little incentive

9    to discontinue the unlawful or harmful conduct.

10    determine the amount of punitive damages to award, the Book of Approved Jury

11    Instructions (BAJI) states that the jury should consider:

12    (1) The reprehensibility of the conduct of the defendant.

13    (2) The amount of punitive damages which will have a deterrent effect on the

14    defendant in the light of defendant's financial condition.

15

16    Punitive damages may be awarded in a tort action arising from the parties

17    contractual relationship and other matters if the plaintiff demonstrates; (1) that the

18    defendant's conduct is actionable as independent tort; (2) the tortious conduct is of

19    an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4)

1   **the defendant's conduct is part of a pattern directed at the public generally,**

2   Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY

3   2006).

4   **preponderance of evidence standard for this case**

5   **I can prove the following**

6     **A. I was at the magic kingdom on or around the time in question, I have**

7       **pictures on my Instagram (bostonboi1504) of me in fort longhorn which**

8       **I believe is an island in the middle of the park that the Liberty Square**

9       **Riverboat ride  floats around I can place myself right next to the boat.**

10     **B. I have detailed knowledge of the gross negligence that only a person**

11       **who experienced what I've described would know**

12     **C. I'm willing to testify to the incident in question along with a polygraph**

13       **and testimony from my twin brother who was with me that day. Also**

14       **this complaint is verified and ill add a affidavit meaning up to 10 years**

15       **in federal prison if I'm lying in anyway.**

16     **D.  Legal Definition of preponderance of the evidence**

17   **: the standard of proof in most civil cases in which the party bearing the**

18   **burden of proof must present evidence which is more credible and convincing**

19   **than that presented by the other party or which shows that the fact to be**

Case 1:21-cv-00912-UA-LPA   Document 2   Filed 11/24/21   Page 19 of 23

1  **proven is more probable than not plaintiffs must show by a preponderance of**

2  **the evidence that defendant's negligence proximately caused the injuries. 51**

3  **percent likely that is happed.**

4  **I took pictures of the injury but am still looking for them even if I had**

5  **pictures, pictures are only circumcisional evidence to begin with, any**

6  **person can take a picture of anything and say what fits their narrative.**

7  **The factual  claims I've just provided should allow me to prevail in this**

8  **lawsuit.**

9

10  **Daniel James silva Pro se attorney     11/22/2021**

11

12

13  **Celticmoon1989@yahoo.com**

14  **501 Lester Lane Winston Salem NC  27103**

15

16

17

20

**Closing statement.**

1

I suppose if I was an unhonest man, id drive down to Orlando pay to go

back in the magic kingdom and act out standing right under the steam

stacks and say ( I just got burned), if I did all that I could guarantee

myself at least 500,000 but im an honest man who will never cheat to get

what I want, I have autism so I know ill know in the future is Disney

attempted to alter the steam pipes to make any attempted cover up then, ill

just come back with professional attorneys and instead of getting 2 million

dollars, it will be with malice so I will get 100,000,000 of millions, also if I

must ill get professional lawyers and round up possibly 1000s of potentially

burned guests and file a class action. Also, the Liberty Square Riverboat

ride is said to be powered by REAL steam so it is REAL steam coming out

of the steam pipes.

14

 I love Disney and enjoyed my childhood growing up going there with my

mother, but I was burned on a ride due to gross negligence and believe I

deserve compensation for my injuries sustained herein.

18

19

# Table of contents

Exhibit A1 and A2 Instagram photos of me at the magic kingdom in March 2019

Exhibit B1 and B2 photos I obtained online of the steam stacks that burned me

Exhibit C affidavit of being injured at Disney on the Liberty Square Riverboat ride.

Foot notes

Florida law on punitive damages is found under 768.72

**Pleading in civil actions; claim for punitive damages (2)(B) (b)"Gross negligence"** means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, **safety,** or rights of persons exposed to such conduct.

Also the **2,000,000** is based off § 768.73 (B)(2) **Punitive damages; limitation.** --

(b) Where the fact finder determines that the wrongful conduct proven under this section was motivated solely by unreasonable financial gain and determines that the unreasonably dangerous nature of the conduct, **together with the high likelihood of injury resulting from the conduct, was actually known by the managing agent, director, officer, or other person responsible for making**

22

1  **policy decisions on behalf of the defendant,** it may award an amount of punitive

2  damages not to exceed the greater of:

3  1. Four times the amount of compensatory damages awarded to each claimant

4  entitled thereto, consistent with the remaining provisions of this section; or

5  **2. The sum of $2 million.**

6  **It is my belief that other guests have complained about the steam stacks in the**

7  **past but probably only came up a few times it is hard for me to believe no one**

8  **at Disney ever heard about the steam stacks ever burning anymore.**

9

10 Also im sorry for the grainy pictures of my at Disney world my printer is Shit ill

11 forward any pictures or videos of me at Disney for the incident in question to

12 Disney's lawyers.

13

23