IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DANIEL JAMES SILVA,            )
                               )
            Plaintiff,         )
                               )
      v.                       )    1:21CV912
                               )
WALT DISNEY WORLD,             )
                               )
            Defendant.         )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1 (the "Application")), filed in conjunction with his pro se Verified Personal Injury Premises Liability Complaint (Docket Entry 2 (the "Complaint")). The Court will grant the Application for the limited purpose of recommending dismissal of this action for lack of subject matter jurisdiction.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

## ANALYSIS

As its title indicates, the Complaint asserts a cause of action for premises-liability-based, personal injury against Defendant, apparently under Florida law. (See Docket Entry 2 at 2-20.) More specifically, the Complaint alleges that "[Plaintiff] was on the Liberty Square Riverboat ride . . . [and] was standing under one of the steam stacks on the ride when all of a sudden [he] was burned by 3 or 4 very hot water droplets that emerged from the steam stack . . . ." (Id. at 2; see also id. at 2-3 ("[T]he steam droplets burned my right forearm . . . . [I] also suffered from an aggravation in my PTSD because the rest of my day was ruined from

2

the burn [as] the last time I remember being that [sic] was with my dearly departed mother, so the burns ruined the renewed experience of going to the [M]agic [K]ingdom . . . .").) The Complaint purports to rest this Court's subject matter jurisdiction on diversity of citizenship. (See id. at 4.)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction falls on the party asserting it. See id. Federal courts possess subject matter jurisdiction over civil actions where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

Here, the Complaint states that Plaintiff "seek[s] more the [sic] 75,000 in damages [and that he is] a resident of a different state then [sic] Florida (citizenship of diversity)." (Docket Entry 2 at 4; see also id. at 2 (giving location of injury as Orlando, Florida), 3 (alleging Plaintiff "was on the premises of Walt Disney [W]orld" at time of injury), 11 (listing "[m]onetary relief requested" as "100 dollars for the money spent as an admission fee and food and drinks [Plaintiff] ate and drank at the park, 5,000 usd for the physical burned [sic] suffered[, and] 70,000 for pain and suffering for the burn aggravating [his] PTSD"), 13 ("ask[ing] for punitive damages in the sum of 2,000,000

3

million [sic] dollars").)[1]  The Complaint's allegations do not satisfy either of the two basic requirements of Section 1332.

First, the Complaint does not adequately identify the citizenship of Defendant, an artificial entity not denominated as a corporation. (See id. at 1, 2.) "As [Defendant] is not a corporation, it possesses its members' citizenship. Nothing in the record designates who [Defendant's] members are." Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 382 (2016). Nor has the undersigned Magistrate Judge located any applicable "law [which] provides an answer," id.; see also Muchler v. Greenwald, 624 F. App'x 794, 798 n.3 (3d Cir. 2015) ("[R]eliance on the parties' residency [i]s improper. . . . [A]verments that parties are 'residents' of their respective states, rather than 'citizens' or 'domiciliaries' of those states are jurisdictionally inadequate for purposes of determining diversity of citizenship jurisdiction." (some internal quotation marks omitted)). Accordingly, Plaintiff has not carried his burden of establishing complete diversity of citizenship between the parties. See 28 U.S.C. § 1332.

Second, the Complaint does not meet Section 1332's monetary threshold. "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul

---

[1] Quotations from Plaintiff's filings omit emphasis, including bold or enlarged font and underscoring, as well as extra spaces between letters and lines of text.

4

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)); see also Gordon v. National Bus. Consultants, Inc., No. 87-2676, 856 F.2d 186 (table), 1988 WL 86618, at *1 (4th Cir. 1998) (unpublished) ("[P]unitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement."). However, the general practice of deferring to a plaintiff's damages allegations in this context gives way if "it appears or is shown that the amount is not claimed in good faith. . . . A court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Johnson v. Nixon, No. 3:17CV1901, 2018 WL 2031900, at *2 (N.D. Tex. Apr. 13, 2018) (unpublished) (internal brackets and quotation marks omitted), recommendation adopted, 2018 WL 2017626 (N.D. Tex. May 1, 2018) (unpublished); see also Bailey v. United States Fid. & Guar. Co., No. 98-60582, 181 F.3d 96 (table), 1999 WL 346942, at *2 (5th Cir. 1999) ("The plaintiff's allegation [of the amount in controversy] will not control . . . in those instances in which it is not made in good faith. . . . Because the federal judiciary has been too timid to execute the congressional mandate in tort litigation, we have all contributed to clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts." (internal brackets, citations, and quotation marks omitted)).

In this case, "it is clear that Plaintiff has arbitrarily alleged an excessive amount in damages to meet the jurisdictional amount in controversy. Doing so is prohibited and goes against the limited scope and purpose of diversity jurisdiction . . . ." Johnson, 2018 WL 2031900, at *2. Put another way, the Complaint "offers no facts that support the amount of compensatory and punitive damages sought," id. at *3, the sums proposed qualify as "both fanciful and delusional, and [the Complaint] cannot support a finding that this case involves [more than] $75,000 in controversy," id. "[E]ven in the unlikely event [Plaintiff] could establish that [any aggravation of a PTSD] condition [was] proximately related to Defendant['s negligence], [Plaintiff has] not support[ed] his extraordinary requests for . . . compensatory damages and . . . punitive damages. As such, Plaintiff's damage claims lack a good faith basis." Id.; see also Bailey, 1999 WL 346942, at *2 ("[W]e [have] held to a legal certainty that a plaintiff's unliquidated damages tort claim based on a minor injury . . . could not meet the amount in controversy requirement of [Section] 1332 . . . . The instant case is reminiscent of [that prior case], in that [the plaintiffs'] unliquidated tort damages claims are patently absurd and devoid of any potentially reasonable support . . . . As such, the $75,000 amount in controversy of [Section] 1332 has not been met, so the district court was without jurisdiction." (internal quotation marks omitted)); Thompson v.

6

Brown, No. 7:19CV2504, 2019 WL 6255829, at \*4 (D.S.C. Oct. 3, 2019) (unpublished) ("[A] litigant cannot establish federal jurisdiction by asserting an amount in controversy that is frivolous . . . ." (internal quotation marks omitted)), recommendation adopted, 2019 WL 6255134 (D.S.C. Nov. 22, 2019) (unpublished).

Because Plaintiff's invocation of subject matter jurisdiction under Section 1332 "lacks an arguable basis [both] in law [and] in fact," Neitzke, 490 U.S. at 325, the Court should dismiss this case as frivolous, see Overstreet v. Colvin, No. 4:13CV261, 2014 WL 353684, at \*3 (E.D.N.C. Jan. 30, 2014) (unpublished) (holding that courts may consider subject matter jurisdiction as part of frivolity review); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").[2]

---

[2] Additionally, "it is apparent from the face of the [C]omplaint that this [C]ourt does not have personal jurisdiction over [ D]efendant[]." Alvarado v. County of Tulare, No. 3:17CV40, 2017 WL 3129821, at \*1 (W.D. Va. July 21, 2017) (unpublished). In particular, "[t]he [C]omplaint makes clear that [Plaintiff's] claims are based on acts or omissions that occurred in the State of [Florida]. None of the acts or omissions is alleged to have occurred in [North Carolina]. In addition, there are no allegations suggesting that [Defendant] . . . ha[s] any connection to [North Carolina]." Id. As a result, the Complaint does not establish the constitutionally required minimum contacts between Defendant and North Carolina to support this Court's exercise of personal jurisdiction over Defendant. See id. at \*2 (discussing personal jurisdiction standard). "Because it is apparent from the face of the [C]omplaint that personal jurisdiction is lacking and there is no reason to believe that [ D]efendant would waive this
(continued...)

7

**CONCLUSION**

The Complaint frivolously fails to establish subject matter jurisdiction in this Court.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Complaint (Docket Entry 2) be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous for want of subject matter jurisdiction.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                      **United States Magistrate Judge**

September 29, 2022

---

[2](...continued)
basis for dismissal, the [C]ourt [also could] . . . dismiss the case without prejudice [on that basis]." Id.; see also Greer v. Safeway, 317 F. App'x 838, 840 n.2 (10th Cir. 2009) ("[Courts] have read § 1915(e)(2) to authorize a district court's sua sponte dismissal of claims for lack of personal jurisdiction."); Alvarado, 2017 WL 3129821, at *1 n.1 ("[T]he United States Court of Appeals for the Fourth Circuit [has] explained that the screening authority afforded to courts in actions filed in forma pauperis differentiates such actions from ordinary civil suits and justifies an exception to the general rule that an affirmative defense should not be considered sua sponte."); Barth v. Walt Disney Parks & Resorts U.S., Inc., 206 F. Supp. 3d 1026, 1028 (E.D. Pa. 2016) (granting dismissal motion challenging personal jurisdiction filed by Disney-entity defendants in suit over personal injury alleged to have occurred on Walt Disney World premises in Florida), aff'd, 697 F. App'x 119 (3d Cir. 2017).